IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

    Plaintiff,

vs.                                                                                                   Civ. No. 19-0079 KG/JFR

LEA COUNTY CORRECTIONAL FACILITY, *et. al,*

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiff's Civil Rights Complaint, filed January 29, 2019. (Doc. 1). Also before the Court are his motions seeking to present additional evidence and allegations (Docs. 3-5; 7-8; and 10). Plaintiff is incarcerated and appears *pro se.* Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny all motions, dismiss the Complaint, and grant leave to amend.

I. Background[1]

    Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF). He argues at least 18 Defendants violated his constitutional rights. Although the allegations are difficult to discern, his primary claim appears to concern undelivered mail. (Doc. 1) at 3-5. Plaintiff alleges prison officials failed to send outgoing legal documents, even after he paid all appropriate fees. *Id.* at 4-5. The documents included a summons and other forms necessary to effectuate service in Plaintiff's state tort action, No. D-506-CV-2017-0989. *Id.* at 5. It purportedly cost hundreds of

---

[1] For the limited purpose of this ruling, the Court assumes the allegations in Plaintiff's Complaint are true.

dollars to re-serve the state defendants. *Id.* at 7. Plaintiff argues the undelivered mail caused the state judge to dismiss his case. *Id.* However, elsewhere in the Complaint, he alleges the judge was biased and opposing counsel committed misconduct. *Id.* at 9; 14-15.

Plaintiff filed a grievance regarding the undelivered mail, but LCCF officials Valeriano and/or Foster allegedly mishandled the grievance process. (Doc. 1) at 12-13. According to Plaintiff, they either ignored him or maintained that mishandled mail is not actionable. *Id.* Plaintiff further alleges D. Burris, LCCF's legal access officer, committed misconduct. Specifically, Burris restricted his access to photocopies; inappropriately enforced rules against *pro se* litigants; required Plaintiff to effectuate some type of service; and made inappropriate legal decisions. *Id.* at 14-15; 22. It is not clear whether, and to what extent, Burris was involved in the grievance process or the mail issues.

The Complaint also raises a due process claim based on confiscated property. Plaintiff alleges Foster confiscated his bedding, a cable splitter, hygiene products, legal documents, and colored pencils. *Id.* at 17-18. Thereafter, Plaintiff was unable to shower for three days. *Id.* at 17. The Complaint does not specify why Foster confiscated the property or whether this alleged issue relates to the other claims. Plaintiff eventually recovered most of his personal items, but his legal documents were never returned. *Id.* at 17-18. The documents pertain to four cases: D-506-CV-2017-0989 (the state tort action referenced above); 18-cv-1139 WJ/SCY (removed federal action); 18-cv-943 MV/CG (federal habeas petition); and CL 18-291 (citation unclear). *Id.* at 17. Plaintiff finally alleges prison officials deprived him of meals for some unspecified period. *Id.* at 4.

The Complaint appears to raise claims under the First Amendment Clause (access to

courts); the Due Process Clause; the Equal Protection Clause; the New Mexico Tort Claims Act; and state common law (fraud). (Doc. 1) at 20-22. The Complaint names 18 defendants: (1) LCCF; (2) Geo Group, Inc; (3) Warden R.C. Smith; (4) Former Warden Sims; (5) Legal Access Officer Burris; (6) Mail Officer Pena; (7) Corrections Director German Franco; (8) Corrections Secretary David Jablonski; and (9-18) John/Jane Doe 1 Through 10. *Id.* at 1. Plaintiff also filed various motions/supplemental pleadings, which primarily seek to amplify his existing allegations and evidence. (Docs. 3-5; 7-8; and 10).

II. Screening the Complaint

The Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint … is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). To survive initial review, the plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff is *pro se*, his allegations are "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Under these standards, the Complaint does not survive initial review, for several reasons. First, the pleadings do not comply with Fed. R. Civ. P. 8(a). Rule 8 requires a short and plain statement of the grounds for relief. The Complaint here consists of 25 handwritten pages, some

3

of which are illegible, and 190 pages of exhibits. Plaintiff later submitted two supplemental pleadings, which contain almost 90 pages of facts and exhibits. (Docs. 11 and 12). His discovery-type motions also contain over 130 pages of additional allegations and exhibits. (Docs. 3-5; 7; and 10). "It is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (affirming dismissal of complaint that "included everything but the kitchen sink"). Allowing such pleadings to survive screening "would force the Defendants to carefully comb through more than a hundred pages to ascertain which … pertinent allegations to which a response is warranted." *Id.* Hence, the Complaint is subject to dismissal under Rule 8.

To the extent some claims are discernable, the Complaint also fails to state a claim under 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). The Complaint here fails to clearly specify how each defendant was involved in the alleged wrongdoing. Moreover, LCCF is not subject to liability, *see Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010), and most remaining Defendants are entities or prison supervisors. Generally, private entities and supervisors are only liable if they promulgated a policy that caused a deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993); *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010). Plaintiff has not alleged facts showing any Defendant acted pursuant to

4

prison policy.

For these reasons, the Court will dismiss the Complaint but grant leave to amend a single amended complaint within thirty (30) days of entry of this Order. The amended complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). The amended complaint must also specify the circumstances surrounding the undelivered mail; the property seizure, any alleged deprivations of hygiene products or processes; and whether the defendants had a culpable state of mind. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable federal claim, the Court will dismiss the case without further notice.

III. Pending Motions

Plaintiff filed the following motions in connection with his Complaint:

(1) A motion seeking discovery, including court records (Doc. 3);

(2) A motion to appoint counsel (Doc. 4);

(3) Two motions to present additional allegations and exhibits (Docs. 5, 10); and

(4) A motion seeking the return of confiscated property (Doc. 7).

Having carefully reviewed each request for relief, the Court finds Plaintiff's requests for discovery and substantive relief (Docs. 3 and 7) are premature. Further, the motions to add allegations (Docs. 5, 10) are moot. Plaintiff may include all relevant allegations in a single amended complaint, which recites a short and plain statement of the grounds for relief. As to the request for counsel, "[c]ourts are not authorized to appoint [attorneys] in § 1983 cases." *Rachel*

*v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "[I]nstead, courts can only 'request' an attorney to take the case" as a volunteer. *Id*. There is no basis for such an extraordinary request in this case. Hence, all pending motions (Docs. 3-5, 7, and 10) will be denied.

IT IS ORDERED that

1. Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

2. Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

3. All pending motions (Docs. 3, 4, 5, 7, and 10) are denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE