IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN W. FAWLEY,**

      **Plaintiff,**

      **vs.**                                                                                  **Civ. No. 19-79  DHU/JFR**

**LEA COUNTY CORRECTIONAL
FACILITY, et al.,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]
REGARDING PLAINTIFF'S AMENDED COMPLAINT
<u>FOR VIOLATION OF CIVIL RIGHTS</u>**

**THIS MATTER** is before the Court on its *Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants*, filed May 1, 2023.  Doc. 37. Plaintiff has failed to comply with or respond to the Court's Order.  Therefore, for the reasons discussed below, the Court recommends that Plaintiff's Amended Complaint be dismissed without prejudice.

**I.  <u>PROCEDURAL BACKGROUND</u>**

On January 29, 2019, Plaintiff, who is incarcerated and proceeding *pro se*, filed a Civil Rights Complaint.[2]  Doc. 1.  On September 4, 2019, Plaintiff's Complaint was dismissed without prejudice following the Court's initial review and Plaintiff was granted leave to amend within thirty (30) days.  Doc. 14.  On March 24, 2020, Plaintiff filed an *Amended Complaint for*

---

[1] On March 14, 2023, the Honorable David H. Urias entered an Order of Reference referring this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  Doc. 31.

[2] *See Ogden v. San Juan Cty*., 32 F.3d 452, 455 (10th Cir. 1994) (pleadings from pro se litigants are construed liberally, but pro se litigants are obligated to comply with the rules of civil procedure).

*Violation of Civil Rights* ("Amended Complaint").[3]  Doc. 23.  On August 5, 2022, after having reviewed Plaintiff's Amended Complaint *sua sponte* under 28 U.S.C. § 1915A, the Court found that Plaintiff's claims should be resolved on a full record and after a *Martinez* investigation.[4]  Doc. 25.  The Court entered an *Order Directing Issuance of Notice and Waiver of Service Forms* giving Defendants an opportunity to waive formal service requirements before ordering personal service.  *Id.*  The docket reflects that on August 8, 2022, the Clerk of the Court mailed *Notice and Waiver of Service Forms*, along with a copy of the *Amended Complaint*, to each Defendant at the addresses Plaintiff provided in his Amended Complaints.  None of the Defendants responded.

On December 13, 2022, the Court entered an *Order Directing Plaintiff to Provide Updated List of Addresses of Defendants*.  Doc. 26.  On December 29, 2022, Plaintiff filed a Motion to Comply in response.  Doc. 27.  Therein, Plaintiff asked the Court to take notice of his unsuccessful attempts to serve many of the Defendants named in his Amended Complaint that he also had named in various state court cases.[5]  Doc. 27 at 1-3.  Plaintiff provided what he stated

---

[3] On September 17, 2019, Plaintiff filed a Motion to Amend Complaint and then, on October 7, 2019, filed a Notice of Appeal regarding the Court's Memorandum Opinion and Order dismissing his Complaint without prejudice.  Docs. 15, 16.  On November 15, 2019, the Tenth Circuit Court of Appeals denied Plaintiff's appeal.  Doc. 18.  On February 25, 2020, District Judge Kea W. Riggs entered an Order Permitting Amendment.  Doc. 22.

[4] Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), the court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports.").

[5] In his Amended Complaint, Plaintiff claims violations of federal constitutional or statutory rights related to his (1) right of court access; (2) prison official's retaliation against him for exercising his First Amendment rights; and (3) right of procedural due process of institutional grievance procedure as a liberty interest.  Doc. 23 at 5.  Plaintiff names as Defendants (1) Lea County Correctional Facility; (2) Geo Group, Inc.; (3) Former Warden R. C. Smith; (4) Former Warden Dwight Sims; (5) Legal Access Officer D. Burris; (6) Mailroom Supervisor Pena; (7) Director of the New Mexico Corrections Department German Franco; (8) Secretary of the New Mexico Corrections Department David Jablonski; (9) Associate Warden Foster; (10) and Facility Grievance Officer M. Valeriano.  *Id.* at 3-5.

were valid addresses for Lea County Correctional Facility/Geo Group, Inc., and its named employees, and for the New Mexico Corrections Department, and its administrators. *Id.* at 7. Plaintiff informed the Court that Geo Group, Inc., would not accept mail from him; that he did not have addresses of former wardens or employees of Lea County Correctional Facility/Geo Group, Inc., other than their former place of employment; that named Defendant Pena was no longer an employee of Lea County Correctional Facility; that named Defendant Burris was no longer the "law library clerk" at Lea County Correctional Facility, but to his knowledge remained employed there; and that named Defendant David Jablonski was no longer the Secretary of the New Mexico Corrections Department and was replaced by Alisha T. Lucero. *Id.* at 3-7

On January 6, 2023, the Court, having construed Plaintiff's Motion to Comply liberally as it was required to do, found that it appeared Plaintiff was seeking the Court's assistance with effecting service given Plaintiff's past failed attempts to serve similarly named Defendants in his various state court actions. Doc. 28. The Court denied Plaintiff's motion to the extent he was seeking court supplied service. *Id.* The Court explained that court supplied service is only available where a plaintiff qualifies for *in forma pauperis* relief, which Plaintiff had not done. *Id.* (citing Fed. R. Civ. P. 4(c)(3) (explaining that at the plaintiff's request a court must order service if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915) and 28 U.S.C. § 1915(d) (explaining that "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]")). The Court then directed the Clerk of the Court to provide Plaintiff with a blank *Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915* which, if submitted, required, *inter alia,* that Plaintiff obtain and

3

provide a certified copy of his six-month trust fund account statement (or institutional equivalent) from the appropriate official of each penal institution at which he is confined.  *Id.*

The Court also found that Plaintiff appeared to be seeking the Court's assistance in obtaining current and valid addresses of named Defendants who are former wardens and employees of Lea County Correctional Facility/Geo Group, Inc., and/or the New Mexico Corrections Department in order to serve them.  *Id.*  The Court denied Plaintiff's motion to the extent Plaintiff was seeking the Court's assistance in this regard.  *Id.* (citing Fed. R. Civ. P. 4(c)(1); *Ogden*, 32 F.3d at 455; *Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison.")).  The Court reminded Plaintiff that (1) he is responsible for providing a current address for each named Defendant and taking steps and/or making appropriate requests to obtain such addresses; (2) the Court may not order court assisted service on addresses that appear facially incorrect (*e.g.,* a former warden who clearly will not be at Lea County Correction Facility's current address);  and (3) the Court may dismiss Plaintiff's claims against any Defendant with a missing address.  *Id.*

On February 21, 2023, Plaintiff filed a Notice of Proposed Summons Containing Addresses for Service.  Doc. 29.

On March 8, 2023, the Court entered an Order to Show Cause.  Doc. 30.  The Court explained that the Federal Rule of Civil Procedure 4 provides that Plaintiff is responsible for having the summons and complaints served within a specified period of time, which he had not done, and that Plaintiff had not submitted an IFP application or the requisite six-month account statement to obtain court supplied service.  *Id.* at 3.  The Court notified Plaintiff that it may

4

dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, comply with the rules of civil procedure, or to comply with court orders. *Id.* (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2023)). The Court directed Plaintiff to show cause within 30 days why he had not submitted an IFP application along with the requisite six-month inmate account statement, and to the extent he did not intend to do so, to show cause within 30 days why the Court should not dismiss his case for failure to timely serve Defendants. *Id.*

Plaintiff responded to the Court's Order to Show Cause with five separate filings describing, *inter alia*, his alleged attempts to serve Defendants by certified mail with his proposed summons and Amended Complaint.[6] Docs. 32-36.

On May 1, 2023, the Court *sua sponte* entered an *Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants*. Doc. 37. Therein, the Court directed the Clerk of the Court to sign and issue the proposed summons Plaintiff provided and to mail the signed and issued summons to Plaintiff for his use in effecting service on Defendants. *Id.* The Court advised Plaintiff that he had sixty-three (63) days from entry of the Order to effectuate service on Defendants in accordance with Fed. R. Civ. P. 4(c) and to file the appropriate affidavit demonstrating proof of service as required by Fed. R. Civ. P. 4(l).[7] *Id.* The Court notified Plaintiff that his failure to comply with the Court's order and effectuate service within sixty-three (63) days would result in dismissal of his case. *Id.*

---

[6] Plaintiff's proposed summons did not comply with the requirements of Fed. R. Civ. P. 4(a), which requires that summons be signed by the Clerk of the Court and bear the Court's seal. Fed. R. Civ. P. 4(a)(1)(F) and (G). Plaintiff's alleged attempts at service, therefore, did not effect valid service of process on any Defendant. That aside, the Court does not address whether Plaintiff's service by mail complied with New Mexico state law as required by Fed. R. Civ. P. Rule 4(e)(1) (explaining that Rule 4(e) of the Federal Rules of Civil Procedure provides for serving an individual within a judicial district of the United States by, *inter alia*, following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made).

[7] Sixty-three (63) days from the date of entry of the Court's Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants was July 3, 2023.

Plaintiff has failed to effect service in compliance with the Court's Order.

## II. ANALYSIS

### A.     Fed. R. Civ. P. 4(m)

The requisite procedures for service of process are set forth in Federal Rule of Civil Procedure Rule 4.  Rule 4(m) enables a court to dismiss an action for a plaintiff's failure to timely effect service.  It states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[8]

In the Tenth Circuit, the application of Rule 4(m) requires a two-step inquiry.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  "The preliminary inquiry . . . is whether the plaintiff has shown good cause for the failure to timely effect service." *Id.*  If a plaintiff has shown good cause, the court must grant an extension of time to complete proper service.  *Id.*  "If the plaintiff fails to show good cause," however, the court must proceed to a second inquiry in which it "consider[s] whether a permissive extension of time may be warranted" or whether it should dismiss the case without prejudice.  *Id.*

Here, it is undisputed that Plaintiff has failed to timely serve Defendants in compliance with Rule 4(m) despite the Court already having extended the time for doing so.  Further, the Court has been clear with Plaintiff that because he is not proceeding *in forma pauperis,* he bears the responsibility for having the summons and complaint served within the time allowed.  Docs.

---

[8] Plaintiff's Amended Complaint was filed on March 24, 2020.  Doc. 23.  However, it was subjected to review pursuant to 28 U.S.C. § 1915A.  The Court squarely placed Plaintiff on notice of his responsibilities to effect service on January 6, 2023, March 8, 2023, and May 1, 2023.  Docs. 28, 30, 37.

28, 30 (citing Fed. R. Civ. P. 4(c)(1) and 4(m)).  That Plaintiff has not done so even after the Court directed the issuance of his proposed summons forecloses a finding that he has shown good cause for another extension under Rule 4(m).  *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("The good cause provision of [Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.") (quoting *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988))).

The Court, therefore, proceeds to the second inquiry: whether a permissive extension of time for Plaintiff to serve Defendants is warranted.  *See Espinoza*, 52 F.3d at 841.  Factors that guide the court's discretion at this second inquiry include whether the plaintiff is proceeding *pro se, Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021); "the possibility of prejudice to the defendants," *id.*; whether "the complex requirements of multiple service under Rule 4(i)" are in play, *Espinoza*, 52 F.3d at 841 (internal quotation marks omitted); and whether the applicable statute of limitations would bar a refiled action, *id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment); *see also Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 624 (10th Cir. 2020).

Here, the first factor – whether Plaintiff is proceeding *pro se* – weighs in favor of granting a permissive extension.  However, this factor alone does not constitute cause to grant Plaintiff a permissive extension, particularly when the Court has explained Plaintiff's responsibility to properly serve Defendants, has already accorded Plaintiff an extension of time to do so, and has repeatedly put Plaintiff on notice that his failure to effect service could result in the dismissal of his claims.  *See Shepard*, 819 F. App'x at 624 (affirming a district court's denial of a permissive extension where a *pro se* plaintiff had notice that she did not timely effect service

for 72 days prior to the dismissal of her claims for untimely service and she "fail[ed] to provide a meaningful excuse for her delay"). To be sure, on January 6, 2023, the Court explained, *inter alia*, that because Plaintiff had neither applied nor qualified for *in forma pauperis* relief, he was not entitled to court ordered service and bore the responsibility of effecting service on Defendants. Doc. 28. On March 8, 2023, the Court notified Plaintiff that it may dismiss an action under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute his case, comply with the rules of civil procedure, or to comply with court orders. Doc. 30. On May 1, 2023, the Court notified Plaintiff that his failure to comply with the Court's order and effectuate service within sixty-three (63) days would result in dismissal of his case. Doc. 37. Despite these directives and notifications, Plaintiff has nonetheless not effected service. Therefore, Plaintiff's status as a *pro se* litigant it not a sufficient reason for a permissive extension.

The fourth factor - whether the applicable statute of limitations would bar a refiled action – also potentially weighs in favor of granting a permissive extension.[9] However, the mere possibility of a statute of limitations bar does not preclude the Court from exercising its discretion to dismiss a case. *See generally Cloyd v. Arthur Andersen & Co., Inc.,* 25 F.3d 1056 (10th Cir. 1994) (explaining that the grant of additional time to serve remains discretionary with the district court and that "[r]elief *may* be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .").[10] Here, Plaintiff has been on notice since

---

[9] Plaintiff's Amended Complaint describes alleged constitutional violations taking place in 2017, 2018 and 2019. Doc. 23. The Supreme Court has held that because "§ 1983 claims are best characterized as personal injury actions . . . the 3-year statute of limitations governing actions 'for an injury to the person or reputation of any person'" applies to such claims brought in New Mexico. *Wilson v. Garcia,* 471 U.S. 261, 280 (1985) (quoting N.M.S.A. § 37-1-8); *see also Mondragon v. Thompson,* 519 F.3d 1078, 1081 (10th Cir. 2008) ("The statute of limitations for § 1983 claims in New Mexico is three years.").

[10] In affirming dismissal of plaintiff's complaint for failure to effect timely service, even though his claims would be time-barred, the Tenth Circuit in *Cloyd* reasoned that plaintiff waited until the last day of the statute of limitations to file his complaint and then waited until the last day of the service period to serve his complaint. 25 F.3d 1056, *3. Thus, even though valid service was imperative to preserve plaintiff's claims, he failed to take the simple precaution

January 6, 2023, that he was responsible for tracking down the whereabouts of, securing correct addresses for, and effecting service on the Defendants. Doc. 28. Yet even with the assistance of the Court in directing issuance of Plaintiff's proposed summons, Plaintiff has nonetheless failed to effect service in compliance with Rule 4(m) or the Court's May 1, 2023, order. There being no reasonable basis for Plaintiff's failure to comply with Rule 4(m) or the Court's order, therefore, weighs against a permissive extension even if the applicable statute of limitations would bar a refiled action.

The other two factors - the possibility of prejudice to the defendants and whether the complex requirements of multiple service under Rule 4(i) are in play, do not weigh in favor of a permissive extension. As to the former, Plaintiff's claims against Defendants date as far back as six years ago such that the Court is concerned that the combined delay in filing and prosecuting this case may have jeopardized evidence or witnesses. Plaintiff acknowledged as much in his Motion to Comply in which he described not knowing the whereabouts or having valid addresses for certain former employees and named Defendants. Doc. 27. As to the latter, Plaintiff has not filed suit against the United States, so the multiple service provisions of Rule 4(i) are not in play. *See* Fed. R. Civ. P. 4(i) (providing instructions when serving the United States and Its Agencies, Corporations, Officers, or Employees).

All told, the Court finds that the balance of factors weighs against a permissive extension of time to effect service. The Court, therefore, recommends that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Rule 4(m).

---

of ensuring that the summons was properly issued by the clerk of the court. *Id.* Under the circumstances, therefore, the Tenth Circuit concluded that it was not an abuse of discretion to dismiss plaintiff's complaint under Rule 4(m). *Id.*

B.     **Fed. R. Civ. P. 41(b)**

Rule 41(b) also permits a court to dismiss an action or any claim for failing to prosecute that action or claim.  Fed. R. Civ. P. 41(b).  Rule 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  *Id.*  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Here, Plaintiff has failed to prosecute his case; failed to comply with the requirements of Fed. R. Civ. P. 4 in serving Defendants; and failed to comply with the Court's Order that he effectuate service within sixty-three (63) days of May 2, 2023.  Doc. 37.  Further, the Court expressly warned Plaintiff therein that his failure to effectuate service within the time frame allowed "*will* result in the dismissal of his case."  *Id.* at 2 (emphasis added).  The Court, therefore, recommends that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Rule 41(b).

C.     **Dismissal Without Prejudice**

Even though Rule 4(m) and Rule 41(b) dictate a dismissal without prejudice, the dismissal effectively operates with prejudice if the statute of limitations has run in the meantime.  *See Florence v. Decker*, 153 F. App'x. 478, 480 (10th Cir. Oct. 28, 2005) (unpublished) (noting that a dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling."); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n,* 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal without prejudice when the statute of limitations has run operates as an extreme

10

sanction which should only be levied when lesser sanctions would not serve the interests of justice).  On these pleadings, the Court notes that Plaintiff may be procedurally barred from pursuing his claims.  Therefore, dismissal of the case may operate, in essence, as a dismissal with prejudice.

The Tenth Circuit has identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[11]  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) and *Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir. 1994) ("Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.")).  Under this flexible framework, established in our *Ehrenhaus* decision, dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus,* 965 F.2d at 921 (internal quotation marks omitted) (quoting *Meade,* 841 F.2d at 1521 n. 7).

Insofar as the first two factors, because Defendants have not been served and few resources have been expended to date by the parties or the Court, dismissal would not prejudice Defendants or cause any significant interference with the judicial process.  As to the third factor - the culpability of the litigant – as discussed in detail above, Plaintiff has had ample instruction,

---

[11] By contrast, a district court need not follow "any particular procedures" when dismissing an action without prejudice under Rule 41(b).  *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1160 (10th Cir. 2007).  Only a dismissal with prejudice triggers the *Ehrenhaus* criteria because it is "a significantly harsher remedy-the death penalty of pleading punishments." *Id.*

11

assistance, and time to effect service and yet has failed to do so. Plaintiff, therefore, is culpable for the delay and failure to serve the Defendants. As to the fourth factor, the Court expressly warned Plaintiff in its Order to Show Cause filed on March 8, 2023, and again in its Order Directing Plaintiff to Serve Defendants filed on May 1, 2023, that his failure to comply with the Court's order to effect service would result in dismissal of his Amended Complaint. Docs. 30, 37. Finally, as to the fifth factor - the efficacy of lesser sanctions - the undersigned finds that no sanction less than dismissal is practical in these circumstances. Plaintiff's failure to serve Defendants has substantially impeded the Court's ability to proceed in this matter. Moreover, without proper service or a waiver of that service, the Court lacks personal jurisdiction over Defendants in this matter, thereby rendering impossible any progression toward a merits-based disposition. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999); *Okla. Radio Assocs. v. FDIC,* 969 F.2d 940, 943 (10th Cir. 1992).

For all of the foregoing reasons, the Court finds that the *Ehrenhaus* factors also weigh in favor of dismissal.

### III. CONCLUSION

For the reasons explained above, the Court finds that Plaintiff is in violation of Rule 4(m) and that an extension of time to serve Defendants is not warranted. The Court, therefore, recommends that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). The Court also finds that Plaintiff has failed to prosecute his case, failed to comply with the requirements of Fed. R. Civ. P. 4 in serving Defendants; and failed to comply with the Court's Order Directing Plaintiff To Serve Defendants. The Court, therefore, also recommends that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
JOHN F. ROBBENHAAR
U.S. Magistrate Judge