IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN W. FAWLEY,**

      **Plaintiff,**

    **vs.**                                                      **Civ. No. 19-79  DHU/JFR**

**LEA COUNTY CORRECTIONAL
FACILITY, et al.,**

      **Defendants**

## ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS AND ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the *Proposed Findings and Recommended Disposition* ("PFRD") by United States Magistrate Judge John F. Robbenhaar, filed July 14, 2023. Doc. 38. As per Fed. R. Civ. P. 72(b)(2) and 6(d), objections were due no later than July 31, 2023.[1] Plaintiff filed his *Objections to Proposed Findings and Disposition* ("Objections") on August 1, 2023.[2] Doc. 41.

The Court has conducted its *de novo* review of the case, including a thorough review of the procedural history, the Magistrate Judge's PFRD, Plaintiff's Affirmation of Service of Process, and Plaintiff's Objections. Based on this review and for the reasons discussed below, the Court sustains in part Plaintiff's Objections to the PFRD and modifies the PFRD to the extent

---

[1] Objections were due within 14 days of being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). However, when service is by mailing, as is the case here, three days are added to the deadline. Fed. R. Civ. P. 6(d).

[2] Plaintiff is proceeding *pro se* and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

it recommends dismissal of named Defendant "The GEO Group, Inc./Lea County Correctional Facility."

## I. **LEGAL STANDARD**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## II. ANALYSIS

The procedural background of this case is set out in the PFRD and the Court will not repeat it here. *See* Doc. 38 at 1-5. As detailed and explained therein, the primary issue before the Court is whether this matter should be dismissed based on Plaintiff's failure to timely serve Defendants in violation of Fed. R. Civ. P. 4(m) and Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### A.   Plaintiff's Attempted Service

On May 1, 2023, the Court *sua sponte* entered an *Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants*. Doc. 37. Therein, the Court directed the Clerk of the Court to sign and issue ten proposed summons Plaintiff docketed with the Court (Doc. 29) and to then mail the signed and issued summons to Plaintiff for his use in effecting service on Defendants. *Id.* The Court advised Plaintiff that he had sixty-three (63) days from entry of the Order to effectuate service on Defendants in accordance with Fed. R. Civ. P. 4(c) and to file the appropriate affidavit demonstrating proof of service as required by Fed. R. Civ. P. 4(l).[3] *Id.* The Court notified Plaintiff that his failure to comply with the Court's order and effectuate service within sixty-three (63) days would result in dismissal of his case. *Id.*

On July 20, 2023, six days *after* the Court entered its PFRD, Plaintiff submitted an Affirmation of Service of Summons ("Affirmation") in compliance with Fed. R. Civ. P. 4(l)(1). Doc. 39. Plaintiff affirms therein that on May 30, 2023, he placed in the institutional mailroom twelve envelopes that were addressed to Defendants as per the addresses on the issued summons[4]

---

[3] Sixty-three (63) days from the date of entry of the Court's Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants was July 3, 2023.

[4] Plaintiff provided the Court with ten (10) proposed summons, which the Court subsequently issued. Docs. 29, 37. Plaintiff's proposed summons named (1) Ms. Pena, Former Mail Services Officer, Lea County Correctional Facility/The GEO Group, Inc. (Hobbs, NM); (2) Ms. Pena, Former Mailroom Supervisor, The GEO Group,

3

to be mailed in accordance with the prison mailbox rule.[5]  Doc. 39 at 1.  In the process of doing so, Plaintiff states that the mailroom supervisor, Ms. Marquez, advised him that Defendant The GEO Group, Inc./Lea County Correctional Facility would not accept service on behalf of former employees and that the mailroom, therefore, would not accept and/or would return mail in violation of this policy.  *Id.* at 2.  To that end, Plaintiff states that the mailroom refused one of his envelopes addressed to former Lea County Correctional Facility employee D. Burris.[6]  *Id.* at 4.  That aside, Plaintiff affirms that eleven envelopes addressed to Defendants were mailed via certified mail return receipt as follows:

1.  The GEO Group
    4955 Technology Way
    Boca Raton, FL  33431

2.  The GEO Group[7]
    c/o Corporate Creations Network, Inc.
    400 N. Pennsylvania Ave., #600
    Roswell, NM  88201

---

Inc./L.C.C.F. (Roswell, NM); (3) Mr. D. Burris, The GEO Group, Inc./L.C.C.F. (Roswell, NM); (4) Mr. D. Burris, Former Legal Access Officer, The GEO Group, Inc./L.C.C.F. (Hobbs, NM); (5) The GEO Group, Inc./L.C.C.F. (Roswell, NM); (6) The GEO  Group, Inc. (Boca Raton, FL); (7) Dwight Sims, Former Warden, L.C.C.F./The GEO Group, Inc. (Roswell, NM); (8) R.C. Smith, Former Warden, L.C.C.F./The GEO Group, Inc. (Roswell, NM); (9) German Franco, Director, N.M.C.D. (Santa Fe, NM); and (10) David Jablonski, Former Secretary, N.M.C.D. (Santa Fe, NM).  Doc. 29 at 1-20.

[5] *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) ("The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), holds that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents.") (also citing Fed. R. App. P. 4(c)(1) (incorporating mailbox rule for an inmate's "notice of appeal in either a civil or a criminal case"))).

[6] Plaintiff states he initiated grievance procedures challenging this policy.  Doc. 39 at 2-4.  On July 20, 2023, Plaintiff also filed an "Affirmation that Legal Counsel For The GEO Group, Inc., Who Operates and Manages Lea County Correctional Facility Appears To Have Counseled L.C.C.F. To Not Allow Service of Defendant Mr. D. Burris."  Doc. 40.

[7] Plaintiff states he cannot specifically identify if summons in this envelope was for The Geo Group, Inc., or Former Warden R. C. Smith, or Former Warden Sims, or Former LCCF employee Ms. Pena, or Former LCCF employee Mr. D. Burris.  Doc. 39 at 6.

4

3. The GEO Group[8]
   c/o Corporate Creations Network, Inc.
   400 N. Pennsylvania Ave., #600
   Roswell, NM  88201

4. The GEO Group[9]
   c/o Corporate Creations Network, Inc.
   400 N. Pennsylvania Ave., #600
   Roswell, NM  88201

5. Lea County Correctional Facility – Pena
   6900 W. Mullen Drive
   Hobbs, NM  88244

6. The GEO Group[10]
   c/o Corporate Creations Network, Inc.
   400 N. Pennsylvania Ave., #600
   Roswell, NM  88201

7. The GEO Group[11]
   c/o Corporate Creations Network, Inc.
   400 N. Pennsylvania Ave., #600
   Roswell, NM  88201

8. State of NM Corrections Dept.[12]
   4337 State Rd. 14
   Santa Fe, NM  87508

9. State of NM Corrections Dept.[13]
   4337 State Rd. 14
   Santa Fe, NM  87508

---

[8] *Id.*

[9] *Id.* at 7.

[10] *Id.*

[11] *Id.*

[12] Plaintiff states he cannot specifically identify if summons in this envelope was for Former Secretary of NMCD Jablonski, Former Director of NMCD Franco, or Office of General Counsel.  Doc. 39 at 7.

[13] *Id.* at 8.

     10.     State of NM Corrections Dept.[14]
                   4337 Sate Rd. 14
                   Santa Fe, NM 87508

     11.     Office of Attorney General
                   P.O. Box 1508
                   Santa Fe, NM 87504

*Id.* at 5-9. Of these eleven mailed envelopes, Plaintiff affirms six receipts were returned. *Id.* at 9-10. The returned receipts attached to Plaintiff's Affirmation include five receipts related to Plaintiff's mailings addressed to The GEO Group, Inc., at its registered agent's address in Roswell, NM, and one receipt related to Plaintiff's mailing addressed to Lea County Correctional Facility – Pena in Hobbs, NM. *Id.* at 21-23. The five GEO Group, Inc., return receipts were signed by Nicole McWilliams on June 2, 2023. *Id.* The one Lea County Correctional Facility - Pena return receipt was neither dated nor signed. *Id.* Plaintiff asserts that other than the Summons intended for Defendant D. Burris, all Defendants have been served by the means available to him. *Id.* at 10-11.

     **B.**     <u>**Plaintiff's Objections**</u>

In his objections to the PFRD, Plaintiff argues that his inability to properly serve Defendants is the basis of his Amended Complaint, *i.e.,* that The GEO Group, Inc., has enacted policies in its operation of Lea County Correctional Facility to be carried out by prison officials that create the very obstacles, and subsequent "actual harm," that have prevented him from timely serving the Defendants. Doc. 41. Plaintiff, therefore, objects to dismissal of his Amended Complaint on grounds that

> the cause for late filing was obstruction of Defendants, The GEO Group, as documents required to serve defendants were "lost" and "misplaced" when The GEO Group, Inc., "trashed" Mr. Fawley's legal files and legal documents in what appears to be "retaliatory" act.

---

[14] *Id.*

> The exact "actual harm" was done again on 14 June 2023, but intensified, because the courts allow this to continue by allowing GEO Group, Inc., to continue to obstruct, hinder, and delay; knowing that this abuse of authority to violate rights of prisoners will be rewarded by dismissals for deadlines missed due to The GEO Group, Inc.'s abusive obstructions, delays, and hindering preventing prisoner's [sic] from meeting deadlines.

Doc. 41 at 6.

### C.  Analysis

The Federal Rules of Civil Procedure provide the rules for service of process.  Rule 4 spells out proper service procedures for individuals, corporations, and state-created government organizations.  Rule 4(e) provides for service of individuals by one of the following means:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who lives there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(h) similarly provides for service of corporations and other business entities

> in the manner prescribed by Rule 4(e)(1) for serving an individual . . . or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(A) and (B).

Rule 4(j) provides for service of a state-created government organization by either delivering a copy of the summons and complaint to its chief executive officers or by serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant. Fed. R. Civ. P. 4(j)(2)(A) and (B).

For purposes of Fed. R. Civ. P. 4(e)(1), this Court looks to New Mexico Rules 1-004(F), (G) and (H), all of which provide for service by mail upon individuals, corporations and other business entities, and upon state or political subdivisions. NMRA, Rule 1-004(F)(1)(b), G(3) and H(2). To effect service by mail, NMRA, Rule 1-004(E)(3) states

> [s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

NMRA, Rule 1-004(E)(3). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

### 1. **Plaintiff Has Failed To Effect Service On Individual Defendants**

The Court overrules Plaintiff's Objections and adopts the PFRD to the extent it recommends dismissal of the individual Defendants. Applying the applicable federal and state rules regarding service, Plaintiff has failed to effect service on the individual Defendants. NMRA Rule 1-004 mandates that service by mail must comply with two requirements: (1) that the envelope containing the summons and the complaint is "addressed to the named defendant," and (2) that "the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package

8

containing the summons and complaint." NMRA Rule 1-004(E)(3). As to the former, Plaintiff acknowledges in his Affirmation that none of the envelopes he mailed were addressed to the individually named Defendants. Further, Plaintiff previously acknowledged that the individually named Defendants are either former employees or employees who may or may not be currently employed at Lea County Correctional Facility, but in either event for whom he does not have known addresses. Doc. 27 at 6-7. As such, Plaintiff has failed to meet the first requirement of Rule 1-004(E)(3) that envelopes be addressed to the named defendant. As to the latter, Plaintiff has provided no evidence or cited any law which would authorize or allow the named corporate and/or state governmental Defendants, as former and/or current employers of the individual Defendants, to accept service on their behalf. As such, Plaintiff has failed to meet the second requirement of Rule 1-004(E)(3) that a receipt for the envelope be signed by the named defendant or a person authorized by appointment to do so. Moreover, the Court previously advised Plaintiff that it would not assume the role of advocate on his behalf and that Tenth Circuit case law clearly supports that the onus is squarely on plaintiffs to track down the whereabouts of defendants to effectuate service, even when the plaintiffs are in prison. Doc. 28 at 3 (citing *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013)). Plaintiff has failed to do so here.

      The Court, therefore, overrules Plaintiff's Objections and adopts the PFRD to the extent it recommends dismissal of the individual Defendants and will dismiss them without prejudice.

### 2. Plaintiff Has Effected Service on "The GEO Group, Inc./Lea County Correctional Facility"

The Court will sustain Plaintiff's Objections and modify the PFRD to the extent it recommends dismissal of "The GEO Group, Inc./Lea County Correctional Facility."[15] Similarly applying the federal and state rules regarding service, Plaintiff's Affirmation supports that Plaintiff addressed five envelopes containing court issued Summons and copies of his Amended Complaint to named Defendant The GEO Group, Inc., c/o its registered service agent in Roswell, New Mexico, *i.e.,* Corporate Creations Network, Inc.[16] *See* NMSA 1978, § 53-11-14 (service of process on the registered agent constitutes service on the corporation). Additionally, Plaintiff affirms he received return receipts, signed and dated by Nicole McWilliams, for each of the five envelopes addressed to The GEO Group, Inc. While certain of the Summons addressed to The GEO Group, Inc., named individual Defendants for whom The GEO Group, Inc., was not required to accept service, one of the Summons issued by the Court specifically named "The GEO Group, Inc./Lea County Correctional Facility." Doc. 29 at 9. Thus, the Court concludes that Plaintiff has satisfied the requirements of Rule 1-004(E)(3) in effecting service on "The GEO Group, Inc./Lea County Correctional Facility."

---

[15] Although Plaintiff listed The GEO Group, Inc., and Lea County Correctional Facility separately as Defendants in his Amended Complaint, his Summons named them together as "The Geo Group, Inc./L.C.C.F." Doc. 29 at 9. Plaintiff also states in his Amended Complaint "Defendant, GEO Group, Inc., [] runs Lea County Correctional Facility under contract[.]" Doc. 23 at 6. Public records indicate that Lea County Correctional Facility is operated by The GEO Group, Inc. *See* https://www.cd.nm.gov/divisions/adult-prison/nmcd-prison-facilities/lea-county-correctional-facility/ explaining that Lea County Correctional Facility is a medium security facility contracted by Lea County to house NMCD male offenders and is owned by Correctional Properties Trust and *operated by The GEO Group, Inc.* (emphasis added). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

[16] *See* https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch/CorporationBusinessInformation identifying on file with the Secretary of State for the State of New Mexico that Corporate Creations Network, Inc., is the registered agent for The GEO Group, Inc., Business ID 1411305, with its principal place of business in New Mexico located at 400 N. Pennsylvania Avenue, #600, Roswell, NM 88201. *See Van Woudenberg*, 211 F.3d at 568.

The Court, therefore, sustains Plaintiff's Objections and modifies the PFRD to the extent it recommends dismissal of Defendant The GEO Group, Inc./Lea County Correctional Facility. The Court will not dismiss Defendant The GEO Group, Inc./Lea County Correctional Facility and directs the Clerk of the Court to mail a copy of this Order, along with a copy of Plaintiff's Amended Complaint, to The GEO Group, Inc.'s known New Mexico counsel of record as follows:[17]

> Michael S. Jahner
> YLAW, P.C.
> 4908 Alameda Blvd., NE
> Albuquerque, NM 87113-1736

## CONCLUSION

Having conducted its *de novo* review of the case and for the reasons discussed above, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are overruled in part and sustained in part and the PFRD is adopted in part and modified in part.

The Court overrules Plaintiff's Objections and adopts the Magistrate Judge's PFRD to the extent it recommends dismissal of the individually named Defendants. Plaintiff's Amended Complaint, therefore, as to Defendants R. C. Smith, Dwight Sims, D. Burris, Ms. Pena, German Franco, David Jablonski, Mr. Foster and Ms. Valeriano is **DISMISSED WITHOUT PREJUDICE** for failure to serve in violation of Fed. R. Civ. P. 4(m) and failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Court sustains Plaintiff's Objections and modifies the Magistrate Judge's PFRD to extent it recommends dismissal of named Defendant "The GEO Group, Inc./Lea County

---

[17] Service by mail or commercial courier service shall be complete on the date the receipt is signed. NMRA, Rule 1-004(E)(3). Here, Plaintiff's envelopes addressed to The GEO Group, Inc., were signed for on June 2, 2023. Defendant The GEO Group, Inc./Lea County Correctional Facility has yet to respond. *See generally* Fed. R. Civ. P. 12 (a) (explaining time to serve a responsive pleading).

Correctional Facility" and directs the Clerk of the Court to mail a copy of this Order along with Plaintiff's Amended Compliant to The GEO Group, Inc.'s New Mexico counsel of record.

    **IT IS SO ORDERED.**

_____
**DAVID H. URIAS**
**United States District Judge**