IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

      Plaintiff,

      vs.                                                Civ. No. 19-79 DHU/JFR

LEA COUNTY CORRECTIONAL
FACILITY, et al.,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANT THE GEO GROUP, INC.'S MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS AND MEMORANDUM OF LAW IN SUPPORT[1]**

**THIS MATTER** is before the Court on Defendant The GEO Group, Inc.'s *Motion to Dismiss for Insufficient Process and Insufficiency of Service of Process and Memorandum of Law In Support* ("Motion"), filed August 24, 2023. Doc. 43. Plaintiff did not file a response to the Motion within the fourteen (14) days required by D.N.M.LR-Civ. 7.4(a) plus an additional three (3) days required when a party is served by mail under Federal Rule of Civil Procedure 6(d). On September 15, 2023, The GEO Group, Inc., filed a Notice of Briefing Complete. Doc. 45. On September 18, 2023, Plaintiff filed a Motion for Extension of Time File Response.[2] Doc. 46. On September 20, 2023, the Court entered an Order extending the deadline for Plaintiff to file a Response until October 20, 2023. Doc. 47. On October 20, 2023, Plaintiff filed a

---

[1] On March 14, 2023, the Honorable David H. Urias entered an Order of Reference referring this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 31.

[2] Plaintiff is proceeding *pro se* and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff stated in his request for extension of time that he was being transferred to a different facility and was unable to meaningfully respond as he had no "access to the means, or materials to have the ability to do so." Doc. 46 at 5.

Second Motion for Extension of Time to File Response.³  Doc. 50.  On October 24, 2023, the Court entered a second Order extending the deadline for Plaintiff to file a Response until December 20, 2023.  Doc. 51.  Despite allowing Plaintiff an additional three and a half months to file a Response, Plaintiff did not file a Response to Defendant's Motion on or before December 20, 2023.⁴  On January 2, 2024, Defendant The GEO Group, Inc., filed a Notice of Briefing Complete.  Doc. 52.  On January 4, 2024, Plaintiff filed an untimely Response.  Doc. 53.  On January 19, 2024, Defendant The GEO Group, Inc., filed a Reply.  Doc. 54.

For the following reasons, the Court finds that Defendant's Motion is well taken on its merits and recommends that it be **GRANTED** and that Plaintiff's Amended Complaint be dismissed without prejudice under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and insufficient service or process.

## I. PROCEDURAL BACKGROUND

The procedural background of this case was set out in the Court's Proposed Findings and Recommended Disposition Regarding Plaintiff's Amended Complaint for Violation of Civil Rights ("PFRD"), filed July 14, 2023 (Doc. 23), but bears repeating here to underscore the lengths to which the Court has gone to afford Plaintiff the opportunity to effect service and the notices the Court has provided that his failure to do so could result in dismissal of his claims.

---

[3] Plaintiff stated in his request that since his transfer he did not have access to legal documents or materials necessary to meet the Court's deadline.  Doc. 50 at 3-4.

[4] Under the Local Rules, "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR–Civ. 7.1(b).  However, the court cannot grant a motion to dismiss or a motion for summary judgment based solely on a plaintiff's failure to respond and must consider the merits of the motion. *See generally Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

2

On January 29, 2019, Plaintiff, who is incarcerated and proceeding *pro se*, filed a Civil Rights Complaint.[5]  Doc. 1.  On September 4, 2019, Plaintiff's Complaint was dismissed without prejudice following the Court's initial review and Plaintiff was granted leave to amend within thirty (30) days.  Doc. 14.  On March 24, 2020, Plaintiff filed an *Amended Complaint for Violation of Civil Rights* ("Amended Complaint").[6]  Doc. 23.  On August 5, 2022, after having reviewed Plaintiff's Amended Complaint *sua sponte* under 28 U.S.C. § 1915A, the Court found that Plaintiff's claims should be resolved on a full record and after a *Martinez* investigation.[7]  Doc. 25.  The Court entered an *Order Directing Issuance of Notice and Waiver of Service Forms* giving Defendants an opportunity to waive formal service requirements before ordering personal service.  *Id.*  The docket reflects that on August 8, 2022, the Clerk of the Court mailed *Notice and Waiver of Service Forms*, along with a copy of the *Amended Complaint*, to each Defendant at the addresses Plaintiff provided in his Amended Complaints.  None of the Defendants responded.

On December 13, 2022, the Court entered an *Order Directing Plaintiff to Provide Updated List of Addresses of Defendants*.  Doc. 26.  On December 29, 2022, Plaintiff filed a Motion to Comply in response.  Doc. 27.  Therein, Plaintiff asked the Court to take notice of his

---

[5] *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (pleadings from pro se litigants are construed liberally, but pro se litigants are obligated to comply with the rules of civil procedure).

[6] On September 17, 2019, Plaintiff filed a Motion to Amend Complaint and then, on October 7, 2019, filed a Notice of Appeal regarding the Court's Memorandum Opinion and Order dismissing his Complaint without prejudice.  Docs. 15, 16.  On November 15, 2019, the Tenth Circuit Court of Appeals denied Plaintiff's appeal.  Doc. 18.  On February 25, 2020, District Judge Kea W. Riggs entered an Order Permitting Amendment.  Doc. 22.

[7] Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), the court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports.").

3

unsuccessful attempts to serve many of the Defendants named in his Amended Complaint that he also had named in various state court cases.[8]  Doc. 27 at 1-3.  Plaintiff provided what he stated were valid addresses for Lea County Correctional Facility/Geo Group, Inc., and its named employees, and for the New Mexico Corrections Department, and its administrators.  *Id.* at 7.  Plaintiff informed the Court that Geo Group, Inc., would not accept mail from him; that he did not have addresses of former wardens or employees of Lea County Correctional Facility/Geo Group, Inc., other than their former place of employment; that named Defendant Pena was no longer an employee of Lea County Correctional Facility; that named Defendant Burris was no longer the "law library clerk" at Lea County Correctional Facility, but to his knowledge remained employed there; and that named Defendant David Jablonski was no longer the Secretary of the New Mexico Corrections Department and was replaced by Alisha T. Lucero.  *Id.* at 3-7

On January 6, 2023, the Court, having construed Plaintiff's Motion to Comply liberally as it was required to do, found that it appeared Plaintiff was seeking the Court's assistance with effecting service given Plaintiff's past failed attempts to serve similarly named defendants in his various state court actions.  Doc. 28.  The Court denied Plaintiff's motion to the extent he was seeking court supplied service.  *Id.*  The Court explained that court supplied service is only available where a plaintiff qualifies for *in forma pauperis* relief, which Plaintiff had not done.  *Id.* (citing Fed. R. Civ. P. 4(c)(3) (explaining that at the plaintiff's request a court must order

---

[8] In his Amended Complaint, Plaintiff claims violations of federal constitutional or statutory rights related to his (1) right of court access; (2) prison official's retaliation against him for exercising his First Amendment rights; and (3) right of procedural due process of institutional grievance procedure as a liberty interest.  Doc. 23 at 5.  Plaintiff names as Defendants (1) Lea County Correctional Facility; (2) Geo Group, Inc.; (3) Former Warden R. C. Smith; (4) Former Warden Dwight Sims; (5) Legal Access Officer D. Burris; (6) Mailroom Supervisor Pena; (7) Director of the New Mexico Corrections Department German Franco; (8) Secretary of the New Mexico Corrections Department David Jablonski; (9) Associate Warden Foster; (10) and Facility Grievance Officer M. Valeriano.  *Id.* at 3-5.

4

service if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915) and 28 U.S.C. § 1915(d) (explaining that "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]")).  The Court then directed the Clerk of the Court to provide Plaintiff with a blank *Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915* which, if submitted, required, *inter alia,* that Plaintiff obtain and provide a certified copy of his six-month trust fund account statement (or institutional equivalent) from the appropriate official of each penal institution at which he is confined.  *Id.*

The Court also found that Plaintiff appeared to be seeking the Court's assistance in obtaining current and valid addresses of named Defendants who are former wardens and employees of Lea County Correctional Facility/Geo Group, Inc., and/or the New Mexico Corrections Department in order to serve them.  *Id.*  The Court denied Plaintiff's motion to the extent Plaintiff was seeking the Court's assistance in this regard.  *Id.* (citing Fed. R. Civ. P. 4(c)(1); *Ogden*, 32 F.3d at 455; *Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison.")).  The Court reminded Plaintiff that (1) he is responsible for providing a current address for each named Defendant and taking steps and/or making appropriate requests to obtain such addresses; (2) the Court may not order court assisted service on addresses that appear facially incorrect (*e.g.,* a former warden who clearly will not be at Lea County Correction Facility's current address);  and (3) the Court may dismiss Plaintiff's claims against any Defendant with a missing address.  *Id.*

On February 21, 2023, Plaintiff filed a Notice of Proposed Summons Containing Addresses for Service.  Doc. 29.

On March 8, 2023, the Court entered an Order to Show Cause. Doc. 30. The Court explained that the Federal Rule of Civil Procedure 4 provides that Plaintiff is responsible for having the summons and complaints served within a specified period of time, which he had not done, and that Plaintiff had not submitted an IFP application or the requisite six-month account statement to obtain court supplied service. *Id.* at 3. The Court notified Plaintiff that it may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, comply with the rules of civil procedure, or to comply with court orders. *Id.* (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2023)). The Court directed Plaintiff to show cause within 30 days why he had not submitted an IFP application along with the requisite six-month inmate account statement, and to the extent he did not intend to do so, to show cause within 30 days why the Court should not dismiss his case for failure to timely serve Defendants. *Id.*

Plaintiff responded to the Court's Order to Show Cause with five separate filings describing, *inter alia*, his alleged attempts to serve Defendants by certified mail with his proposed summons and Amended Complaint.[9] Docs. 32-36.

On May 1, 2023, the Court *sua sponte* entered an *Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants*. Doc. 37. Therein, the Court directed the Clerk of the Court to sign and issue the proposed summons Plaintiff provided and to mail the signed and issued summons to Plaintiff for his use in effecting service on Defendants. *Id.* The Court advised Plaintiff that he had sixty-three (63) days from entry of the Order to

---

[9] Plaintiff's proposed summons did not comply with the requirements of Fed. R. Civ. P. 4(a), which requires that summons be signed by the Clerk of the Court and bear the Court's seal. Fed. R. Civ. P. 4(a)(1)(F) and (G). Plaintiff's alleged attempts at service, therefore, did not effect valid service of process on any Defendant. That aside, the Court does not address whether Plaintiff's service by mail complied with New Mexico state law as required by Fed. R. Civ. P. Rule 4(e)(1) (explaining that Rule 4(e) of the Federal Rules of Civil Procedure provides for serving an individual within a judicial district of the United States by, *inter alia*, following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made).

effectuate service on Defendants in accordance with Fed. R. Civ. P. 4(c) and to file the appropriate affidavit demonstrating proof of service as required by Fed. R. Civ. P. 4(l).[10] *Id.* The Court notified Plaintiff that his failure to comply with the Court's order and effectuate service within sixty-three (63) days would result in dismissal of his case. *Id.*

On July 14, 2023, the Court entered its PFRD finding that Plaintiff had failed to effect service in compliance with the Court's May 1, 2023, Order. Doc. 38. Therein the Court analyzed whether Plaintiff had shown good cause for his failure to timely effect service and whether a permissive extension of time for Plaintiff to serve Defendants was warranted. *Id.* at 6-9. The Court ultimately found that Plaintiff had not shown good cause and that granting a permissive extension was not warranted. *Id.* As such, the Court recommended that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Rule 4(m). *Id.* The Court also recommended dismissal pursuant to Rule 41(b) on grounds that Plaintiff had failed to prosecute his case, failed to comply with the requirements of Rule 4 in serving Defendants, and failed to comply with the Court's Order to effectuate service. *Id.* at 10. Finally, because the dismissal without prejudice effectively operated with prejudice due to statute of limitation issues, the Court considered the *Ehrenhaus* factors as it was required to do and found that those factors weighed in favor of dismissal.[11] *Id.* at 10-12.

On July 20, 2023, six days after the Court entered its PFRD, Plaintiff submitted an Affirmation of Service of Summons in compliance with Fed. R. Civ. P. 41(l)(1). Doc. 39. Therein Plaintiff affirmed that on May 30, 2023, he placed in the institutional mailroom twelve

---

[10] Sixty-three (63) days from the date of entry of the Court's Order Directing Clerk's Office to Sign and Issue Summons and Directing Plaintiff to Serve Defendants was July 3, 2023.

[11] *Ehrenhaus v. Reynolds*, 954 F.2d 916, 921 (10th Cir. 1992) (setting out factors that a district court considers in determining whether to dismiss an action with prejudice under Rule 41(b)).

envelopes that were addressed to Defendants as per the addresses on the court issued summons, that eleven of those envelopes were mailed via certified mail return receipt, that six receipts were returned, and that five receipts were signed. *Id.* at 5-10.

On August 1, 2023, Plaintiff filed Objections to the magistrate judge's findings and recommendations. Doc. 41.

On August 18, 2023, the Court entered an Order Overruling in Part and Sustaining in Part Plaintiff's Objections. Doc. 42. Therein, the Court found that Plaintiff failed to effect service on any of the individual Defendants and they were dismissed without prejudice. *Id.* at 8-9. The Court further found that Plaintiff had satisfied the requirements of NMRA, Rule 1-005(E)(3) in effecting service on The GEO Group, Inc./Lea County Correctional Facility and directed the Clerk of the Court to mail a copy of Plaintiff's Amended Complaint to The GEO Group, Inc.'s known New Mexico counsel of record. *Id.* at 10-11.

On August 24, 2023, The GEO Group, Inc., the only remaining Defendant,[12] filed the Motion currently before the Court. Doc. 43.

## II.  ANALYSIS

In its Motion, The GEO Group, Inc., argues, *inter alia*, that Plaintiff has never properly effectuated service on it.[13]  Doc. 43 at 8.  Defendant explains as follows:

---

[12] Although Plaintiff listed The GEO Group, Inc., and Lea County Correctional Facility separately as Defendants in his Amended Complaint, his Summons named them together as "The Geo Group, Inc./L.C.C.F." Doc. 29 at 9. Plaintiff also states in his Amended Complaint "Defendant, GEO Group, Inc., [] runs Lea County Correctional Facility under contract[.]" Doc. 23 at 6. Public records indicate that Lea County Correctional Facility is operated by The GEO Group, Inc. *See* https://www.cd.nm.gov/divisions/adult-prison/nmcd-prison-facilities/lea-county-correctional-facility/ explaining that Lea County Correctional Facility is a medium security facility contracted by Lea County to house NMCD male offenders and is owned by Correctional Properties Trust and *operated by The GEO Group, Inc*. (emphasis added). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

[13] Defendant argues that Plaintiff is an experienced, serial litigator, having initiated "nearly forty (40) proceedings" in state and federal courts in New Mexico since 2017 to the present. Doc. 43 at 1-6. Defendant represents it has answered and defended each lawsuit in which Plaintiff has properly effectuated service of process. *Id.*

8

>       On June 2, 2023, GEO's registered agent, Corporate Creations Network, Inc., received two envelopes from Fawley. One of the envelopes contained a copy of the summons that was issued to former Defendant "Ms. Pena" and a copy of Fawley's Motion to File an Amended Complaint. (Ex. C, Packet One). The other envelope contained a copy of the summons that was issued for former Defendant "R.C. Smith" and a copy of Fawley's Motion to File an Amended Complaint. (Ex. D, Packet Two). These mailings did not properly effectuate service on GEO.
>
>       On June 9, 2023, GEO received at its corporate offices an envelope containing: a summons addressed to GEO at its corporate headquarters in Boca Raton, Florida; a summons issued to GEO in care of its registered agent; a summons issued to former LCCF Warden R.C. Smith at the address for GEO's registered agent; a summons issued to former LCCF Warden Dwight Sims at the address for GEO's registered agent; a summons issued to Ms. Pena at the address for GEO's registered agent; a summons issued to Ms. Pena at the address for LCCF; a summons issued to Mr. D. Burris at the address for GEO's registered agent; and a copy of Fawley's Motion to File Amended Complaint. (Ex. E, Packet 3). This mailing did not properly effectuate service on GEO.

Doc. 43 at 8-9.

In Plaintiff's untimely Response, Plaintiff asserts that he continues to be deprived of his legal documents and research materials to meaningfully respond to the Motion. Doc. 53 at 1-6. That aside, Plaintiff does not dispute that he failed to effect timely and proper service on Defendant The GEO Group, Inc. Instead, Plaintiff broadly alleges, without more, that his failure to do so is because The GEO Group, Inc., which manages the prison mailroom, has promulgated fraudulent mailroom procedures that prevented him from properly delivering summons in this case.[14] *Id.* at 6-9.

In its Reply, Defendant contends that Plaintiff has had four months to respond to its Motion. Doc. 54 at 1. Defendant contends that Plaintiff's untimely Response should be stricken, "but in the end, that untimely response does nothing to address, let alone refute, the grounds and authorities set forth in GEO's Motion to Dismiss which demonstrate GEO's entitlement to the

---

[14] *See id.*

9

relief sought: dismissal of the Amended Complaint with prejudice." *Id.* Defendant further contends that because Plaintiff's Response fails to address its Motion in any meaningful, substantive fashion, its Motion is effectively uncontested and should be granted on the strength of the grounds, arguments and authorities therein. *Id.* at 2.

### A.   <u>Legal Standard</u>

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Thus, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) "allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260 (10th Cir. 1999). A Rule 12(b)(4) motion "constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *See Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 686 (D.N.M. 2018) (quoting *Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)). While a Rule 12(b)(5) motion "challenges the mode or lack of delivery of a summons and complaint." *Id.* (quoting *Oltremari*, 871 F. Supp. at 1349).

The burden to establish validity of service is on plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve. *See Lasky v. Lansford*, 76 F. App'x. 240, 240-41 (10th Cir. 2003) (unpublished). "Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action -- quashing the process without dismissing the action -- other than simply dismissing the case when the defendant's defense or objection is sustained." 5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1354, at 346 (3d ed. 2004). "Technical

10

defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. Swager*, 773 F. Supp. 1244, 1249 (D. Minn. 1991 ) (Devitt, J.); *United Food v. Commercial Workers Union*, 736 F.2d 1371, 1382 (9th Cir. 1984) (Reinhardt, J.)); *U.S.A. Nutrasource, Inc. v. CNA Ins. Co*., 140 F.Supp.2d 1049, 1052-53 (N.D. Cal. 2001) (Hamilton, J.) ("Dismissals for defects in the form of summons are generally disfavored. Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice." (citing *Chan v. Soc'y Expeditions, Inc*., 39 F.3d at 1404)). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1354, at 586-87 (1969)).

    **B.**    **Plaintiff's Amended Complaint Should Be Dismissed For Insufficient Process and Insufficient Service of Process**

The sole issue remaining in this case is whether Plaintiff timely and properly effected service on Defendant The GEO Group, Inc. In its Order Overruling in Part and Sustaining in Part Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, the Court found that Plaintiff had satisfied the requirements of Rule 1-004(E)(3)[15] as

---

[15] For purposes of Fed. R. Civ. P. 4(e)(1), this Court looks to New Mexico Rules 1-004(F), (G) and (H), all of which provide for service by mail upon individuals, corporations and other business entities, and upon state or political subdivisions. NMRA, Rule 1-004(F)(1)(b), G(3) and H(2). To effect service by mail, NMRA, Rule 1-004(E)(3) states

> [s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

NMRA, Rule 1-004(E)(3).

to The GEO Group, Inc., based on Plaintiff's affirmation that he addressed and mailed via certified return receipt five envelopes to The GEO Group, Inc., c/o its registered agent Corporate Creations Network, Inc., and that one of the envelopes contained the court issued summons naming "The GEO Group, Inc./Lea County Correctional Facility."[16] Doc. 42 at 10.  Defendant's Motion, however, undermines Plaintiff's affirmation.  In support, Defendant provides undisputed evidence that the summonses received by its registered agent named individuals for whom The GEO Group, Inc., was not required to accept service, and that the summonses directed to The GEO Group, Inc., and The GEO Group, Inc./L.C.C.F. were mailed to The GEO Group, Inc.'s corporate office in Boca Raton, Florida.  Doc. 43 at 9.  As such, the summonses directed to The GEO Group, Inc., and/or The GEO Group, Inc./L.C.C.F. were never served on The GEO Group, Inc.'s registered agent in New Mexico as statutorily required.[17] Doc. 43 at 9.  Based on this undisputed evidence, therefore, service of process was insufficient.  Defendant also provides undisputed evidence that Plaintiff did not serve The GEO Group, Inc., or any of the Defendants for that matter, with a copy of the Amended Complaint, but instead served them with a copy of his Motion to Amend Complaint.  *Id.*  This amounts to insufficient process and further is in direct violation of the Court's explicit directive that Plaintiff was to effectuate service on Defendant in accordance with Fed. R. Civ. P. 4(c).  Doc. 37 at 2; *see* Fed. R. Civ. P. 4(c) (requiring that a summons must be served *with a copy of the complaint*) (emphasis added).

---

[16] Plaintiff stated in his Affirmation of Service of Summons that he could not specify which envelopes contained which summons, but nonetheless affirmed that summonses directed to The GEO Group, Inc., or Former Warden R. C. Smith, or Former Warden Sims, or Former LCCF employee Ms. Pena, or Former LCCF employee Mr. D. Burris were mailed to The GEO Group, Inc.'s registered agent, along with a copy of the First Amended Complaint.  Doc. 39 at 6.

[17] *See* NMSA 1978, § 53-11-14 (service of process on the registered agent constitutes service on the corporation).

Based on the foregoing, the Court finds that Defendant has established insufficiency of process and insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(4) and (5), and that Plaintiff has not served The GEO Group, Inc., in accordance with the requirements of Fed. R. Civ. P. 4.  The Court further finds that given the lengths to which the Court has gone to afford Plaintiff the opportunity to effect service on Defendant, the number of directives provided and extensions granted, and the Court having sufficiently notified Plaintiff that failure to effect proper service could result in dismissal of his claims, that allowing any additional time to cure is not warranted.  *See Espinoza v. United States*, 52 F.2d 838, 841 (10th Cir. 1995) (explaining two-step inquiry when dismissing an action for a plaintiff's failure to timely effect service).

For these reasons, the Court recommends that Defendant's Motion be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

    **C.**    **Dismissal Without Prejudice**

A dismissal effectively operates with prejudice if the statute of limitations has run in the meantime.  *See Florence v. Decker*, 153 F. App'x. 478, 480 (10th Cir. Oct. 28, 2005) (unpublished) (noting that a dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling."); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n,* 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal without prejudice when the statute of limitations has run operates as an extreme sanction which should only be levied when lesser sanctions would not serve the interests of justice).  On these pleadings, the Court notes that Plaintiff may be procedurally barred from pursuing his claims.  Therefore, dismissal of the case may operate, in essence, as a dismissal with prejudice.

The Tenth Circuit has identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under

Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[18]  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) and *Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir. 1994) ("Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.")).  Under this flexible framework, established in *Ehrenhaus*, dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus,* 965 F.2d at 921 (internal quotation marks omitted) (quoting *Meade,* 841 F.2d at 1521 n. 7).

Insofar as the first two factors, because Defendant has not been served and few resources have been expended to date by the parties or the Court, dismissal would not prejudice Defendant or cause any significant interference with the judicial process.  As to the third factor - the culpability of the litigant – as discussed in detail above, Plaintiff has had ample instruction, assistance, and time to effect service and yet has failed to do so.  Plaintiff, therefore, is culpable for the delay and failure to serve the Defendant.  As to the fourth factor, the Court expressly warned Plaintiff in its Order to Show Cause filed on March 8, 2023, and again in its Order Directing Plaintiff to Serve Defendants filed on May 1, 2023, that his failure to comply with the Court's order to effect service would result in dismissal of his Amended Complaint.  Docs. 30, 37.  Finally, as to the fifth factor - the efficacy of lesser sanctions - the undersigned finds that no sanction less than dismissal is practical in these circumstances.  Plaintiff's failure to serve

---

[18] By contrast, a district court need not follow "any particular procedures" when dismissing an action without prejudice under Rule 41(b).  *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1160 (10th Cir. 2007).  Only a dismissal with prejudice triggers the *Ehrenhaus* criteria because it is "a significantly harsher remedy-the death penalty of pleading punishments." *Id.*

Defendant has substantially impeded the Court's ability to proceed in this matter. Moreover, without proper service or a waiver of that service, the Court lacks personal jurisdiction over Defendant in this matter, thereby rendering impossible any progression toward a merits-based disposition. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999); *Okla. Radio Assocs. v. FDIC,* 969 F.2d 940, 943 (10th Cir. 1992).

For all of the foregoing reasons, the Court finds that the *Ehrenhaus* factors weigh in favor of dismissal.

### III.  CONCLUSION

The Court finds that Defendant has established insufficient process and insufficient service of process and that Plaintiff has not served The GEO Group, Inc., in compliance with the requirements of Fed. R. Civ. P. 4. Based on these findings, the Court recommends that Defendant The GEO Group, Inc.'s Motion be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED** under Fed. R. Civ. P. 12(b)(4) and (5).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*/s/ John F. Robbenhaar*
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**